Abraham N. Geller, J.
Motion to vacate the advancement in trial of this action against movant-owner and Otis Elevator Company, directed after a pretrial hearing, is denied.
It is clear that the court at pretrial is empowered to advance a case for trial if satisfied that defendants are obstructing the fair and proper disposition of the action by failing to co-operate in good faith in an attempt to adjust the action (see Perrone v. Federated Taxpayers Assn., 4 A D 2d 935; Abramson v. Kenwood Labs., 17 A D 2d 626).
This 71-year-old plaintiff sustained serious permanent injuries involving an extended period of hospitalization when he tripped and fell while alighting from an elevator in movant’s building covered by an elevator maintenance contract, which came to rest some distance below the lobby level. At the pretrial hearing defendants did not dispute the facts or the injuries or the disability. However, neither defendant would make any offer whatever, each merely urging conclusorily and without indication of any factual basis that the other was responsible for the accident.
One or both of the defendants is plainly at fault in failing to appraise the matter realistically and make an offer, even if dependent on the other’s contribution. On these facts a recovery appears to be certain and a verdict would be obtainable for a substantial sum against one or both of the defendants. To permit defendants under circumstances such as these,, which occur quite frequently, to refuse arbitrarily to make any offer, would render pretrial proceedings futile and obstruct the fair and proper disposition of a plaintiff’s claim.
*284 In any event, defendants cannot reasonably object to an advancement in trial on the ground of injury to them, it being actually a matter of policy and the court’s control of the Calendar acting in the interests of justice and in the exercise of its discretion. The circumstances here are viewed as warranting the exercise of such discretion.
Moreover, when plaintiff, reviewing the pertinent circumstances, moved at the pretrial hearing for a trial advancement, the court asked defendants if they wanted “to say anything on the subject ” and then stated for the record that “ counsel for both of the defendants shake their heads in the negative and the application is granted to the plaintiff and the matter is set down for trial.” Thereupon, the attorney for one of the defendants stated, ‘ ‘ Just for the record, I do not consent to the preference.” Since his consent was not necessary, the record establishes that there was no objection by defendants. It should be noted that even if there had been objection, the court would under these circumstances have granted plaintiff’s application.